Matter of the Petition of JEANNE E. WILMURT and ERNEST A. EDWARDS to Render and Settle Their Accounts as Executors, etc., of JOHN F. EDWARDS, Deceased.

Surrogate's Court, Kings County, November, 1922 (Received December, 1922).

**Wills — construction — " one-half part or portion of my estate " means one-half of the entire distributable estate.**

The bequest and devise contained in certain paragraphs of a will were couched in precise and definite terms, free from ambiguity. The provisions of the succeeding paragraph setting up a trust of " one-half part or portion of my

estate " were equally clear in themselves. A still later paragraph disposed of " the rest, residue and remainder " of testator's estate. *Held*, that it was testator's intent that the trust fund was to embrace one-half of his entire distributable estate.

Testator's widow having accepted the provisions of the will for her benefit, the estate, for the purpose of ascertaining the trust fund, was not to be diminished by dower.

PROCEEDING to settle executors' accounts.

*Paul Bonynge*, for petitioners.

*George E. Brower*, special guardian for Frank R. Edwards, an infant.

WINGATE, S. It is contended by the special guardian for the infant remainderman under the trust created in the 5th paragraph of decedent's will, that the words " one-half part or portion of my estate " mean one-half of the testator's entire distributable estate; and, by the decedent's children, that they mean one-half of the estate remaining after the payment of debts and other charges on the estate and after the satisfaction of the legacies and devise contained in paragraphs 2, 3 and 4.

Grammatically, the words " one-half part or portion of my estate " are clear in meaning. If found alone they would, without question, be taken to signify one-half of the estate available for distribution among legatees and devisees. Difficulty only arises when it is sought to restrict their normal meaning and to have them construed as if they read " one-half part or portion of my residuary estate."

On behalf of the claim that the trust fund created by the 5th paragraph is limited to one-half of the residuary estate, it is urged that the order in which the legacies are stated is a clear indication of the working of the testator's mind, and that the sequence adopted clearly suggests that the testator, by the very act of setting apart the family residence, his furnishings and automobiles as the possession of the widow, puts those things away from him so far as ascertainment of the *quantum* of the trust estate was concerned. Mere sequence, however, without aid from context, cannot modify the common or customary meaning of familiar words. No language elsewhere in the will indicates that these words of ordinary usage were employed in any but their ordinary sense.

Authorities of two classes are cited in behalf of the view that the phrase under examination is to be taken to mean only one-half of the residuary estate.

One class involves cases wherein, after legacies expressly given, the testator divides his " estate " into fractional parts, the aggregate of which fractional parts alone would equal the whole estate.

In these instances, in order, if possible, to reconcile all portions of the will, the seemingly discordant provisions have been harmonized by construing the fractional bequests as being shares of the residue and not of the whole estate.   The case now before the court is not of that kind.

The second class of authorities proceed upon the theory that to regard words such as are used in this will as referring to a fractional part of the entire estate, would destroy or cut down non-fractional gifts clearly and distinctly given in the instrument and, therefore, do violence to the express intention of the testator.   But these authorities have no application here, for in the will now being construed there is no destruction or impairment of any clearly expressed gift.   The bequests and devise contained in paragraphs 2, 3 and 4 are couched in precise and definite terms, free from ambiguity.   The provisions setting up the trust under paragraph 5 are equally clear in themselves.   They are not rendered ambiguous when read in conjunction with the earlier gifts, nor do they become uncertain when contrasted with the later dispositive provision in paragraph 7.   This last does not dispose of the " remaining one-half part or portion " of the testator's estate.   It disposes only of " the rest, residue and remainder."   Ambiguity only appears if there is read into the will an assumed subjective intent on the part of the testator completely at variance with the intent expressed with precision in his will.

If the gift contained in paragraph 7 was intended to be equal to that in paragraph 5, it is difficult to understand why appropriate words, readily available, were not selected to express the purpose, especially as the will seems to have been drawn with care and skill.

There is nothing of injustice in a construction that these gifts were not intended to be equal in value, a construction required by the language of the will, and no undue favor to the widow as against the children, for the trust fund, no matter how formed, at the widow's death is devised to the children, or if they be dead, to their issue.

It is found that it was the testator's intent that the trust fund created by the 5th paragraph of his will was to embrace one-half of his entire distributable estate.   The widow having accepted the provisions for her benefit, the estate, for the purpose of ascertaining the trust fund, is not to be diminished by dower.

Submit, with notice of settlement, decree of distribution accordingly.

Decreed accordingly.